**IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND**

KERMIT DUANE HAYDEN, #11309-039        :

    Petitioner        :

      v.        :        Civil Action No.  JFM-11-173

WARDEN F. J. CARAWAY        :

    Respondent        :

o0o

**MEMORANDUM**

Pending is Kermit Duane Hayden's petition for a writ of habeas corpus under § 28
U.S.C. § 2241.  Respondent John F. Caraway, Warden of the Federal Correctional Institution in
Cumberland Maryland, by his counsel, moves for dismissal or, in the alternative for summary
judgment. ECF Nos. 5 and 17.  Hayden, who is self-represented, has filed a cross-motion for
summary judgment (ECF No. 13) to which respondent has filed a reply. ECF No. 17.  After
consideration of the pleadings, the court deems a hearing unnecessary to resolve the issues. *See*
Local Rule 105.6 (D. Md. 2011). For the reasons that follow, summary judgment will be entered
in favor of defendant and against petitioner.

    **I.        Background**

Hayden, who is currently assigned to a residential reentry center (RRC) in Michigan,[1]
filed this petition while incarcerated at the Federal Correctional Institution in Cumberland,
Maryland. In this petition, he claims that the Bureau of Prisons ("BOP") incorrectly calculated
his federal sentence because it used a commencement date of July 6, 2010, instead of August 1,
2007, the date when state authorities "relinquished jurisdiction of him to his federal detainer."
ECF No. 13,  Petitioner's Motion for Summary Judgment, p. 1. Further, he claims that his

federal sentence was improperly imposed in the United States District Court for the Eastern

District of Michigan on May 7, 2007, because the court "lacked authority to order a term of

imprisonment be served consecutively to a not-yet-imposed term of imprisonment for violation

of state parole." *Id*; see also Petition, p. 17.  Hayden asserts that he has served his federal

sentence in its entirety and should be released immediately. Petition, p. 11.¶ IV. [2]

## II.    Jurisdiction

District courts are authorized to grant writs of habeas corpus "within their respective

jurisdictions," 28 U.S.C. § 2241(a), and such writs "shall be directed to the person having

custody of the person detained." 28 U.S.C. § 2243.  The proper party respondent is generally the

"person who has the immediate custody of the party detained, with the power to produce the

body of such party before the court or judge." *Rumsfeld v. Padilla*, 542 U.S. 426, 434–35,

(2004). Similarly, because "the court issuing the writ [must] have jurisdiction over the

custodian," generally in "habeas petitions challenging present physical confinement, jurisdiction

lies in only one district: the district of confinement." *Id.* at 442–43.

Hayden filed this habeas petition during the time he was incarcerated in a facility in this

district.[3] The Fourth Circuit has  held that in a § 2241 habeas action "[j]urisdiction is determined

---

[1]  On December 14, 2011, Hayden  informed the court that he was transferred to an RRC in Detroit. ECF No. 23.

[2]  Hayden also claims that the federal judge who imposed his sentence lacked authority to impose his sentence.  ECF No. 14, Petitioner's Reply, p. 7; *see also* ECF No. 13 Petitioner's Motion for Summary Judgment, p. 1 ("The U.S. District Court Judge who sentenced Petitioner to a term of imprisonment on May 8, 2007, lacked authority to order the term of imprisonment to be served consecutively to a not-yet imposed term of imprisonment for violation of state parole…").  Respondents argue that Hayden's collateral challenge to his federal sentence is not cognizable under § 2241. This court agrees.

If Hayden intends to challenge the validity of his sentence, he may file a motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255 in the court where he was sentenced.  *See* 28 U.S.C. § 2255(a). This court expresses no opinion concerning the merits of such an action.

[3]  Neither party questions whether jurisdiction exists in this district to consider § 2241 proceeding.

at the time an action is filed," meaning that "subsequent transfers of prisoners outside the jurisdiction in which they filed actions do not defeat personal jurisdiction." *United States v. Edwards*, 27 F.3d 564 (4th Cir.1994) (per curiam) (unpublished).   Other circuits have held similarly. *See, e.g., Mujahid v. Daniels*, 413 F.3d  991 (9th Cir. 2005) ( "[J]urisdiction attaches on the initial filing for habeas corpus relief, and is not destroyed by a transfer of the petitioner and the accompanying custodial change."); *White v. Lamanna,* 42 F. App'x 670, (6th Cir. 2002) ("A district court's jurisdiction generally is not defeated when a prisoner who has filed a § 2241 petition while present in the district is involuntarily removed from the district while the case is pending."); *Lee v. Wetzel*, 244 F.3d 370, 375 n. 5 (5th Cir.2001) (ruling jurisdiction in the district to which the petitioner was transferred was improper because "jurisdictional facts must be judged as of the time the complaint is filed") (quotation omitted).  Accordingly, the court deems it has jurisdiction to consider this case.

## III.   Facts

Hayden is serving a thirty-month sentence followed by thirty-six months of supervised release with a projected release date of May 6, 2012. Ex. 1, Att. 12.  The undisputed chronology of events is as follows:

**August 19, 2006**   The Romulus Police Department in Michigan arrested Hayden, who had been on parole from a sentence imposed in *State v. Hayden*, Crim. No. 97-157035-FH (Michigan Cir. Ct. Oakland City), for Possession of Less than 25 Grams and Driving While License Suspended. Ex. 1 ¶ 3. He was booked into Wayne County Jail ("WCJ") on August 22, 2006. Petition, p. 12; Resp. Exhibit 1, (Decl. of  Denis Melick), Att 1.

**August 30, 2006**   The Michigan Department of Corrections ("MDOC") lodged a detainer for a parole violation against Hayden.  Resp. Exhibit 1, (Decl. of  Denis Melick).

**September 1, 2006**  Hayden was served with notice of parole violation charges by

MDOC parole agent Joshua Hill. The parole violation case was docketed as Criminal No. 06-10241; Petition, p. 12;  ECF No. 1 Petitioner's Att. 2.

**September 20, 2006**  Hayden was indicted in the United States District Court for the Eastern District of Michigan for Conspiracy to Possess with Intent to Distribute a Controlled Substance in violation of Title 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(C), and Felon in Possession of a Firearm, in violation of Title 18, U.S.C. § 922(g). *See id.*, Resp. Exhibit 2.

**October 4, 2006**  The State of Michigan sentenced Petitioner to one year incarceration for Possession of Less Than 25 Grams Cocaine and Driving While License Suspended. Resp. Exhibit. 1 ¶ 6.  This sentence ended on August 1, 2007. *See id.*

**October 30, 2006**  The United States Marshals Service for the Eastern District of Michigan ("USMS") transported Hayden from WCJ to the United States District Court for the  Eastern District of Michigan for his initial appearance. Ex. 1 ¶ 7. After his initial appearance, the USMS issued a detainer on Hayden and returned him to WCJ.  Resp. Exhibit 1, Att. 3.

**May 8, 2007**  Hayden was sentenced to sixty-nine months of incarceration for Conspiracy to Possess with Intent to Distribute a Controlled Substance in the United States District Court for the Eastern District of Michigan in Criminal Case No. 06CR20501-1.  Resp. Exhibit 1, Att. 5.  The court ordered that Hayden's federal sentence run consecutively to the state sentence he was then serving in state case number 97-157035FH  and from which he had been paroled in 2001. *See id*; *see also* Petitioner's Exhibit 9  (MDOC parole record).  The USMS returned Petitioner to state custody.  Resp. Exhibit 1, Atts. 3, 4.

**August 1, 2007**  Hayden completed his one-year state sentence for Possession Less than 25 grams and Driving While License Suspended. Ex. 1 ¶ 6.  On August 1, 2007, Hayden was released from WCJ to the custody of the USMS.  Resp. Exhibit 1, Att. 3.

**December 6, 2007** The USMS for the Eastern District of Michigan returned Hayden to satisfy the MDOC Parole Violation Warrant issued by the MDOC, and which had been lodged earlier as a detainer. Ex. 1 ¶ 10.

**January 4, 2008**   The MDOC lodged a parole violator warrant against Hayden with the WCJ.  ECF No. VV, Petitioner's Motion for Summary Judgment, Exhibit B.

**January 7, 2008**  WCJ returned Hayden to the MDOC to complete the service of his parole violation under case number 97-157035FH. Resp. Exhibit 1 ¶ 11.

**July 6, 2010**  Hayden completed his state parole violation sentence and the State of Michigan released him to the USMS to begin serving his federal sentence. *Id.* The BOP

calculated Hayden's federal sentence to begin on July 6, 2010. Ex. 1, Att. 12.

**January 11, 2010**   The U.S. District Court for the Eastern District of Michigan reduced Hayden's federal sentence from 69 months to 30 months to run consecutive to his state sentence. Pet. at 9 ("The originally imposed 69 month sentence was later reduced to 30 months."); Resp. Exhibit 6 and 7 (under seal).

The BOP calculated Hayden's federal sentence to begin on July 6, 2010. Ex. 1, Att. 12.

The BOP's Designation and Sentence Computation Center ("DSCC") awarded Hayden prior custody credit toward his federal sentence from August 1, 2007 to December 5, 2007, because that time was not credited against his state sentence.[4]

### IV.   Standard of Review

 Fed.R.Civ.P. 56(a) provides that the court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact.

*Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 247-48 (1986).

 **"**A party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc*., 346 F.3d 514, 525 (4th Cir.2003) (quoting Fed.R.Civ.P. 56(e)). The court should "view the evidence in the light most favorable to .... the nonmovant, and draw all reasonable inferences in

---

[4]  Petitioner has exhausted his administrative remedies pertaining to his sentence computation.  Ex. 1 ¶13.

[the nonmovant's] favor without weighing the evidence or assessing the witness' credibility."

*Dennis v. Columbia Colleton Medical Center, Inc.*, 290 F.3d 639, 645 (4th Cir.2002). The court

must, however, also abide by the "affirmative obligation of the trial judge to prevent factually

unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (internal

quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir.1993), and

citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).

     **V.    Discussion**

          **A.    Applicable Law**

     Authority to calculate a federal prisoner's period of incarceration for the sentence imposed

and to provide credit for time served is delegated to the Attorney General, who exercises it through

the BOP. *See United States v. Wilson*, 503 U.S. 329, 334-35 (1992).   A federal sentence to a term of

imprisonment begins "on the date the defendant is received in custody awaiting transportation to…

the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a).

     Prior custody credit is governed by 18 U.S.C. § 3585(b) which provides:

> A defendant shall be given credit toward the service of a term of imprisonment for
> any time he has spent in official detention prior to the date the sentence commences-
> (1) as a result of the offense for which the sentence was imposed; or (2) as a result of
> any other charge for which the defendant was arrested after the commission of the
> offense for which the sentence was imposed; that has not been credited against
> another sentence.

18 U.S.C. § 3585(b).

     The BOP determines when a defendant's sentence starts and whether credit is awarded for any

time spent in custody. *See United States v. Montez-Gaviria*, 163 F.3d 697, 700-01 (2nd Cir. 1998);

*see also* 18 U.S.C. § 3585(a).  Double-counting or awarding an inmate credit on a federal sentence

period that has already been credited against his state sentence is precluded by statute. *See* 18 U.S.C.

§ 3585(b) (2); *see also Wilson*, 503 U.S. at 337 (stating "Congress made clear that a defendant could not receive double credit for his detention time."); *U.S. v Brown,* 977 F.2d 574 (4th Cir. 1992) (holding that a defendant may receive credit against his federal sentence for time spent in official detention prior to the date his sentence commences unless it has been credited against another sentence.). Where, as here, an inmate has sentences imposed by federal and state authorities, the sovereign that arrested him first acquires and maintains primary jurisdiction until the sentence imposed by that sovereign has been satisfied. *See United States. v. Evans*, 159 F.3d 908, 912 (4th Cir. 1998) (explaining principle of primary jurisdiction as set forth in *Ponzi v. Fessenden*, 258 U.S. 254, 260 (1922)).

### B.   State Charges and Detainer

Hayden's claim that his federal sentence commenced on August 1, 2007, is predicated on his assumption that the state charges and parole violation detainer were dismissed when he was released to the USMS. His only support is a comment on his inmate history report that reads: "O.K. TO RELEASE TO U.S. MARSHALLS [sic]. " Petition at 13.  Hayden asserts that MDOC operating procedures authorize revocation of parole violator warrants prior to a hearing at the request of a parole agent, and this note "effectively waived execution of the PVWD lodge [sic] on 8/30/06." Petitioner's Motion for Summary Judgment ¶¶ 12 and 13.

A marginal note on Hayden's inmate history report is insufficient to show that the State of Michigan relinquished primary jurisdiction, dismissed criminal charges, or lifted a state detainer against Hayden.  Respondent has submitted an affidavit attesting that a Michigan parole officer has searched and found no records to indicate the detainer against Hayden was withdrawn. *See* Resp. Exhibit 1. ¶¶ 14, 15 (Decl. of  Dennis Melick); *see also* Resp. Exhibit 1,

Att. 9 (letter from MDOC parole officer John Duboski to Dennis Melick dated February 11,

2011, stating Hayden's Offender Movement Report shows he was arrested on August 29, 2006,

remained in state custody until July 7, 2010, and at no time between that period was released).

In sum, there is no persuasive evidence that the MDOC dismissed the violation of parole charges

or detainer.

### C.      Primary Jurisdiction

Hayden argues that the State of Michigan relinquished primary jurisdiction over him on

August 1, 2007, when he was released from the WCJ to the custody of the USMS.   This court is

not aware of a federal statute or Fourth Circuit precedent on point.

It bears noting, however, there is some precedent holding that when a state prisoner is

mistakenly transferred to a federal facility the state relinquishes jurisdiction over the prisoner

and the federal sentence begins. *See e.g. Stevens v. Sabol,* 539 Fed. Supp. 2d 489 (D. Mass.

2008) (transport of inmate by U.S. Marshal to federal custody to begin a federal sentence after

state officials affirmatively, albeit erroneously, had informed the USMS that inmate had

completed his state sentence constituted relinquishment of primary jurisidiction); *Weekes v.

Fleming*, 301 F.3d 1175, 1180-1181 (10th Cir. 2002) (if a prisoner in state primary jurisdiction

not under a writ of habeas corpus ad prosequendum is delivered to federal authorities, the state

relinquishes jurisdiction); *Luther v. Vanyur*, 14 F. Supp. 2d 773, 775-776 (E.D. N.C 1997)

(observing a federal sentence begins on the date a prisoner is received in custody by the United

States Marshal).

Hayden's situation, however, is factually distinguishable from the cases he cites.  In

Hayden's case, the state took no affirmative action to relinquish jurisdiction over him. Further,

absent controlling Fourth Circuit law on point, this court is persuaded that "a prisoner's time of incarceration should be governed by the sentence, not by administrative error." *See Thomas v. Deboo*, 2010 WL 1440465, at *3 (N.D.W. Va.  2010) ("Once the petitioner was received into federal custody, his record was reviewed and the BOP determined that primary jurisdiction remained with the state and that it was not proper to house the petitioner in a federal facility. Thus, the BOP returned the petitioner to state custody immediately upon its determination that he was erroneously in federal custody."), aff'd  403 Fed. Appx. 843 (4th Cir. 2010); *Cannon v. Deboo*,  2009 WL 692148 (N.D.W. 2009) (finding the State of Michigan did not relinquish primary custody of inmate when it erroneously released him to the BOP and nothing on the record demonstrated that state officials  had informed federal authorities that the inmate had completed his state sentence).

The WCJ mistakenly remitted Hayden to the USMS on August 1, 2007, and he was promptly returned to the state after the error was discovered and before he was designated to a BOP facility. Resp. Exhibit. 1, Att. 13.  Hayden provides no evidence that prior to July 6, 2010, the State of Michigan took any affirmative action to waive or relinquish primary jurisdiction over him.  An apparent administrative error in transferring Hayden to the USMS while state charges and a parole violator warrant detainer were pending constituted neither a relinquishment of primary jurisdiction nor commenced his federal sentence.  Accordingly, Hayden's federal sentence did not begin on August 1, 2007.

### D.    Credit

Hayden received prior custody credit toward his federal sentence from August 1, 2007 to December 5, 2007, the time period during which he was transferred to the USMS and then returned to MDOC custody.  The BOP correctly computed Petitioner's federal sentence, which commenced on July 6, 2010, and for which he received prior custody credit for all time spent in custody that was not already credited toward his state sentence. He has already received the credit to which he is entitled under 18 U.S.C. § 3585(b).

Hayden argues he is entitled to additional credit because that "once commenced, the service of a sentence may not be interrupted unless the interruption is the fault of the prisoner." Petition, p 17.  His reliance on *Weekes v. L.E. Fleming*, 301 F.3d  at 1179,  *Luther v. Vanyur*, 14 F. Supp. 2d at 773 is unpersuasive in light of the circumstances presented here. In those cases, the courts reasoned that pursuant to 18 U.S.C. § 3585(a) the inmate's federal sentences commenced when the BOP designated the inmate to the BOP facility where he was to serve his sentence before he was returned him to state authorities. *See Weekes*, 301 F.3d at 1179; *Luther* , 14 F. Supp. 2d at 776.  Hayden, however, was not designated by the BOP to a federal facility and transported to a federal facility until August 16, 2010. Resp. Exhibit. 1, Att. 13. When he was taken by the USMS on August 1, 2007, Hayden remained at an in-transit facility until arrangements were made to return him to  Michigan.[5] Accordingly, Hayden had not been "received in custody awaiting transportation to . . . the official detention facility at which the sentence is to be served." as provided under 18 U.S.C. § 3585(b), and  the BOP correctly

---

[5] Hayden argues he was in fact designated to FCI Beckley on November 5, 2007. He has submitted a USMS form that shows the designation and its subsequent cancellation on December 8, 2007. Petition, Exhibit 6.  Respondent's BOP inmate history does not show Hayden was designated to a BOP facility in 2007, but indicates that he remained in an in-transit facility. Resp. Exhibit. 1, Att. 13. While Hayden  might  be listed as designated on paper,  it is clear that information was promptly recognized and  corrected.  Hayden was not transferred to FCI Beckley but remained in a transit facility until he was returned to Michigan.

computed his sentence as starting on July 6, 2010, when he was released by the state of Michigan from the service of his state sentence. Additionally, in the cases on which he relies, the courts had determined that the state had relinquished primary custody through an affirmative act.

Hayden's contention he is entitled to relief under common law rules governing interruption of sentences is unpersuasive.[6] The Fourth Circuit has ruled that even where an inmate has been released erroneously from custody, the BOP does not violate the inmate's constitutional rights by requiring him to serve his undischarged sentence. *See Hawkins v. Freeman*, 195 F.3d 732 (4th Cir.1999) *see also Stephens*, 539 F. Supp. 2d at 499 (stating that "the common-law rule [interruption of sentences] should not frustrate the sovereigns' intent to impose separate sentences" on an inmate).   Hayden is serving his sentences as directed and contemplated by federal and state authorities. For Hayden to serve his sentences concurrently would supplant court judgment in favor of administrative clerical error and grant him a windfall to which he is not entitled.

In summary, the BOP correctly computed Petitioner's sentence to begin on July 6, 2010, when he was released from his State of Michigan sentence, and properly credited him for prior

---

[6] *Stephens* followed a three-part analysis based on the purposes of the common-law rule to determine whether to award federal credit for time spent in state prison after an erroneous transfer: 1) fairness to the prisoner; 2) protection against excessive executive power; and 3) the sovereigns' interests in a convicted criminal serving out a sentence. *Stephens*, 539 F. Supp. 2d at 498.  Respondent observes that it is likely the outcome Hayden's sentence computation would result in an outcome similar to that in *Stephens*.  First, Hayden was well aware that he had a state parole violation sentence to complete and that he had not done so on August 1, 2007, when he was released to the USMS. Second, since Hayden has been serving one or the other of his consecutive sentences since August 1, 2007, the total period of time he is to be in state or federal custody has not been altered. Third, the error in question never resulted in Hayden's release to the street, wherein he was at liberty and then returned to custody.  Fourth, the federal sentencing court clearly intended to impose a federal sentence  to be served consecutively to the state sentence. Accordingly, Petitioner "should not be entitled to credit for his time 'at liberty' from the federal system, time spent serving a consecutive Florida sentence." *Id.* at 499.

custody for the period between August 1, 2007 and December 6, 2007.  No genuine questions of

material fact exist and summary judgment will be granted in favor of respondent and against

petitioner.

### VI.   Certificate of Appealabilty

A petitioner in a habeas corpus proceeding has no absolute entitlement to appeal a district

court's denial of his motion. 28 U.S.C. § 2253(c) (1). Rather, a district court must first issue a

certificate of appealability (COA). Id. "A [COA] may issue ... only if the applicant has made a

substantial showing of the denial of a constitutional right." Id. at § 2253(c) (2). To make such a

showing, the defendant "must demonstrate that reasonable jurists would find the district court's

assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke,* 542 U.S. 274,

282, (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484, (2000)), or that "the issues presented

were 'adequate to deserve encouragement to proceed further,' " *Miller-El v. Cockrell*, 537 U.S.

322, 335-36, (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983).  Petitioner has

not made the requisite showing in these circumstances.

### VII.  Conclusion

For the reasons stated, the court will grant summary judgment in favor of respondent and

against petitioner.  A separate order follows.


 January 23, 2012                           ____/s/_____
 Date                                       J. Frederick Motz
                                            United States District Judge